# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JAMES MAHONEY,**

    **Movant**

    **v.**                                **CR-1-08-108**
                                        **C–1-09-0875**

**UNITED STATES OF AMERICA,**

    **Respondent**

## ORDER

**This matter is before the Court upon Movant Mahoney's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (doc. no. 26). The United States filed United States' Answer (doc. no. 30) as ordered by this Court and Movant filed a response (doc. no. 32).**

## Prior Proceedings

**James Mahoney entered a plea of guilty to a one-count Information charging him with Mail Fraud in violation of Title 18, United States Code Sections 1341, during a Hearing held on October**

28, 2008. While under oath, he admitted to the allegations contained in the Information, which alleged he wrongfully obtained approximately $2,355,000.00 as part of a scheme and artifice to defraud. (doc. no. 2). He also admitted every element of the offense (doc. no. 5), including that he acted with an intent to defraud. Mr. Mahoney also admitted the truth of the Statement of Facts which described two separate transactions. The first involved residential real estate located at 8333 Alpine Aster Court, in which a document fraudulently purported to attest that the mortgage in the amount of $719,500.00 had been fully paid and satisfied. The second transaction involved the refinancing of real property located at 8851 Bayside Court, in which he caused $1,625,235.40 to be disbursed to his personal account rather than to the holder of the mortgage and he used the funds for his personal benefit. (doc. no. 3, p. 9).

In the Plea Agreement (doc. no. 3, p. 3), Mr. Mahoney agreed to the following[1] as appropriate for the purpose of calculating an advisory Sentencing Guideline range:

A. <u>Guideline 2B1.1 Offense Level</u>
    Base    (a)(1)    7
    Amount of Loss    (b)(1)(I)    <u>+16</u>
    (More than 41 million
    less than $2.5 million
    Over $1 million from a
    financial institution (b)(13)(A)    +2

B. <u>Abuse of a Position of Trust 3B1.3</u>    +2

C. <u>Acceptance of Responsibility 3E1.1(a)( &) (b)</u>    -3

During the hearing, Mr. Mahoney was afforded numerous opportunities to comment. He did not articulate any of the concerns contained in this Motion.

The Court ordered a Presentence Investigation and Report. The Probation Officer recommended the calculation in the Plea Agreement was the appropriate calculation based upon the admitted facts resulting in an advisory sentencing range of 51 to 63 months.

---

[1] Mr. Mahoney acknowledged this in his motion.

**Mr. Mahoney filed no objections to the facts or recommendations contained in the Presentence Report. A Sentencing Hearing was held February 17, 2009, during which the Court again repeatedly asked Mr. Mahoney if he had any questions, comments, additions or objections to the information in the Presentence Report. He had none. At the conclusion of the hearing, the Court adopted the facts, agreed with the recommended calculation and sentenced Mr. Mahoney to 51 months incarceration followed by 3 years Supervised Release. The Court ordered restitution to the two banks for the amounts still due on the loans involved in the scheme and found that additional restitution could not be determined at that time. At a hearing held June 17, 2009, additional restitution was ordered to the IndyMac Bank and an Amended Judgment was entered.[2] No appeal was taken.**

---

[2] Pursuant to the terms of AO 245B, the defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## § 2255 Claims

**Petitioner claims that he suffered Sixth Amendment violations in that he was denied his right to effective assistance of counsel.**

**Movant claims that his counsel was ineffective because counsel failed to adequately prepare and, "as a result, failed to object to wrongful loss amount". Movant asserts that his counsel should have corrected the Presentence Report which contained an inflated loss amount of $2,355,235.40. He claims that the amount used to calculate the loss should have been only the $719,000.00 associated with the one property. Movant asserts that he gave information to his counsel supporting his assertion that the second real estate purchase was "in no way illegal." [3]**

---

[3] It is clear from the record the original purchase of the Bayside property was not an issue in this matter. The criminal act of the defendant occurred during the refinancing of the property after it was originally purchased.

**Movant also alleges that his counsel was ineffective for failing to request a downward departure "due to lack of knowledge as regards U.S.S.G. § 5C1.2". In support of this claim, he alleges he did not harbor the intent to deny payment of the loan amounts and had cash on deposit at all times to cover the interest and mortgage payment. He claims that "[p]rior to discovery of the illegal activity, the loan was repaid in full."**

**Finally, Movant asserts that counsel was ineffective because counsel failed to ask for the "safety-valve" consideration contained in U.S.S.G. § 5C1.2 . Movant claims he was fully qualified to be eligible because he was a first-time offender, a very responsible family man, with a good record of citizenship within the community."**

### Generally Applicable Law

**28 U.S.C. § 2255**

**A prisoner may attack the validity of his sentence under 28 U.S.C. § 2255 subject to a one-year period of limitation.** *Dunlap v. United States*, **250 F.3d 1001 (6th Cir. 2001). Relief under 28 U.S.C.**

**§ 2255 is available when an error qualifies as "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  *Reed v. Farley*, 512 U.S. 339, 348 (1994)(quoting *Hill v. United States*, 368 U.S. 424 (1962)).   Relief is available when a "a sentence is imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . ." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)(quoting 28 U.S.C. § 2255).  To obtain relief, a movant "must show a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process."   *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)(quoting *Hill v.  United States*, 368 U.S. 424, 428 (1968)).**

"[N]onconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). A collateral attack under § 2255 is not a substitute for an appeal. *United States v. Timmerick*, 441 U.S. 780, 784 (1979). "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108 (6th Cir. 1996)(citing *United States v. Brown*, 62 F.3d 1418 (6th Cir)(unpublished)).

### Ineffective assistance of counsel

To obtain relief on a claim of failure to receive effective assistance of counsel, Movant must show that his counsel's performance "fell below an objective standard of reasonableness" and that he was prejudiced by the result. *Glenn v. Tate*, 71 F.3d 1204, 1206 (6th Cir. 1995)(quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Glenn* Court stated at 1210-11.:

> Under the *Strickland* test, the petitioner must show a "reasonable probability" that, but for his counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The petitioner does not have to show that his counsel's deficient conduct "more likely than not altered the outcome in the case." Id. at 694, 104 S.Ct. at 2068. The "reasonable probability" of which *Strickland* speaks, rather, is "a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. at 2068. The question, in other words, is whether counsel's errors were serious enough to deprive the petitioner of a proceeding, the result of which was "reliable" *Id*. at 687, 104 S.Ct. at 2064- "whether counsel's conduct so undermined the proper functioning of the adversarial system that the trial [a term that includes capital sentencing proceedings] cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064.

In deciding whether counsel's performance was ineffective under *Strickland*, a court must consider the totality of the circumstances. *Strickland*, 466 U.S. at 696 . Movant must show that the result would likely have been different, absent counsel's errors. *Strickland*, 466 U.S. at 696.

## Analysis of Petitioner's Claims

**GROUND ONE: LOSS**

The sentencing guideline for a violation of Title 18, U.S.C. §1341, the offense to which Mahoney pled guilty, is U.S.S.G. § 2B1.1. Based upon a loss of approximately $2,355,000.00, a 16-level enhancement was appropriate. As Movant correctly states in his Motion, the value of the property taken plays an important role in determining sentences for theft offenses because it is an indicator of both the harm to the victim and the gain to the defendant.

The Plea Agreement and the written Statement of Facts made it clear that Mahoney was admitting to charges relating to two different real estate closings and losses of approximately $2,355,000.00. These documents and the Information set forth the exact details of the admitted offenses, the computation of losses, and the stipulated computation of the offense level. Mahoney was repeatedly asked on the record at the Plea and Sentencing hearings whether he had any questions, comments, additions, or objections to any of these facts. He had none.

**Defendant's argument regarding the loss amount used to calculate the sentencing guideline range directly contradicts his sworn testimony, the record and the documents filed in this case. While under oath, Movant stated that he was admitting the truth of the facts in the record. His counsel, the government and the Court are entitled to rely on his representations.**

**GROUND TWO: LACK OF KNOWLEDGE**

**Loss is defined as the value of the property taken, damaged, or destroyed. U.S.S.G. § 2B1.1, comment (n. 2). If a court can find that a victim was never at risk to lose funds, a district court can exclude that figure from its calculation of loss.** *United States v. Johnson*, **993 F.2d 1358, 1359 (8th Cir.1993).**

**Movant's argument that a downward departure is appropriate because he always intended to repay a loan is belied by the facts in the case. In this case, all funds used to calculate the loss were fraudulently obtained by Mahoney. Restitution was ordered on both loans, neither of which had been paid by the time of sentencing.**

**Relying upon the facts admitted by the defendant under oath, defense counsel had no basis upon which to request the downward departures now alluded to in Grounds One and Two. Unless defendant is now asserting that he committed perjury during two hearings, the facts do not support consideration of either departure.**

**GROUND THREE: SAFETY VALVE**

**Pursuant to U.S.S.G.§ 5C1.2 , <u>Limitation on Applicability of Statutory Minimum Sentences in Certain Cases</u> ,which provides:**

**(a)     Except as provided in subsection (b), *in the case of an offense under 21 U.S.C. §841, § 844, § 846, § 960, or § 963*, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)((1)-(5) . . .**
**(emphasis ours.)**

**Even were the Court to agree with the Movant's favorable description of himself, these qualities alone do not qualify him for a reduction pursuant to the Safety Valve section. As noted above, Mr. Mahoney was convicted of a violation of 18 U.S.C. § 1341. This is**

not an offense to which the "Safety Valve" section applies.

Moreover, Mr. Mahoney was sentenced in accordance with the applicable guidelines. There was no statutory minimum sentence in his case.

Applying the *Strickland* standard, Mr. Mahoney has not shown that his counsel's representation was objectively deficient or that he was prejudiced by such representation. *Strickland,* 466 U.S. at 686-687; *Magana v. Hofbauer*, 263 F.3d 542, 548 (6th Cir.2001).

The Court concludes that counsel was not ineffective. There is no factual basis for any of the assertions made by the Movant and counsel need not raise every nonfrivolous issue in order to be effective. Movant's claims of ineffective assistance fail on the merits. There was no fundamental defect which inherently resulted in a complete miscarriage of justice or fundamental error.

The Motion is DENIED.

15

## Conclusion

Pursuant to Title 28 U.S.C. § 2255, the Court finds that motions, files and records of this case conclusively show that the movant is not entitled to relief; therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.

Further, the Court will not issue a certificate of appealability. The Court concludes that none of the issues raised by the Movant are debatable among reasonable jurists, could be resolved differently on appeal or are adequate to deserve encouragement to proceed further. In addition, the Movant has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

           s/Herman J. Weber
          Herman J. Weber, Senior Judge
           United States District Court